UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee,<br><br>Interpleader Plaintiff,<br><br>- against -<br><br>CALYON, MAGNETAR CONSTELLATION MASTER FUND, LTD., CEDE & CO., as Holder of certain Global Notes and Preference Shares and nominee name of the Depositary Trust Company, and DOES 1 through 100, owners of beneficial interests in the Global Notes and/or Preference Shares,<br><br>Interpleader Defendants. | **INTERPLEADER COMPLAINT**<br><br>Case No. 08 cv 1297 |

Interpleader Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), in its capacity as Trustee under the Indenture, dated as of December 7, 2006, by and among itself, Orion 2006-2, Ltd., as Issuer, and Orion 2006-2, LLC, as Co-Issuer (the "Indenture") (all capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Indenture), alleges and states as follows:

## INTRODUCTION

1.   This is an interpleader action brought pursuant to 28 U.S.C. § 1335 for the purpose of obtaining adjudication of the respective rights of the Interpleader Defendants with respect to certain assets held by the Wells Fargo. Wells Fargo, which serves as Trustee under the Indenture, faces competing demands by the Interpleader Defendants with respect to actions to be taken with respect to the Notes and the Collateral following the declaration of an Event of Default under the Indenture, and cannot determine, without hazard to itself, how to proceed.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1335 because this is a civil action of interpleader or in the nature of interpleader, two or more adverse claimants are of diverse citizenship, the amount of controversy exceeds $500 and Wells Fargo has posted a bond in the amount of $9,761,422.56.

3. Venue in this District is appropriate pursuant to 28 U.S.C. § 1397 because one or more claimants reside within this judicial district.

## PARTIES

4. Wells Fargo is a national banking association with its main office in Sioux Falls, South Dakota. Wells Fargo is the Trustee under the Indenture.

5. Interpleader Defendant CALYON ("CALYON") is, upon information and belief, a French banking corporation, with its principal place of business at 9, quai du Président Paul Doumer, 92920 Paris La Défense Cedex, France. CALYON is the Credit Default Swap Counterparty and Holder of a Majority of the Controlling Class of Class A-1A Notes issued under the Indenture.

6. Interpleader Defendant Magnetar Constellation Master Fund, Ltd. ("Magnetar") is, upon information and belief, a Cayman corporation, with its principal place of business in the Cayman Islands.

7. Interpleader Defendant Cede & Co. is, upon information and belief, the nominee name of The Depositary Trust Company, a limited purpose trust company organized under New York banking law, with its principal place of business at 55 Water Street, New York, New York. Cede & Co. is the registered Holder of record of the Global Notes (including Regulation S Global Notes and Restricted Global Notes), representing 100% of the aggregate principal amount

outstanding on the Notes, and certain of the Preference Shares. Upon information and belief, Cede & Co. holds the Global Notes for the ultimate benefit of others.

8.  Interpleader Defendants Does 1 through 100 (the "Doe Defendants") are, upon information and belief, beneficial owners of the interests in the Global Notes and/or certain of the Preference Shares held by Cede & Co. Wells Fargo does not know the names or true identities of the Doe Defendants.

9.  Pursuant to the Class A-1A Note Purchase Agreement between Orion 2006-2, Ltd., as Issuer, Orion 2006-2, LLC, as Co-Issuer, CALYON, as Purchaser and Wells Fargo, as Class A1-A Note Agent and Trustee, dated as of December 7, 2007 (the "Note Purchase Agreement"), CALYON has consented to the jurisdiction of the courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City with respect to any matters arising out of the Note Purchase Agreement.

10.  Magnetar has voluntarily consented to the jurisdiction of this Court.

## BACKGROUND

11.  Wells Fargo is a party to the Indenture, pursuant to which the Issuer and the Co-Issuer issued certain notes (the "Notes"), which Notes are secured by a pool of collateral (the "Collateral"). Wells Fargo is required to treat the Indenture as confidential pursuant to Section 14.14 of the Indenture.

12.  The Collateral consists of credit default swaps and other assets and accounts, and includes all payments and proceeds received on the credit default swaps and the other assets. Pursuant to the Indenture, the Issuer pledged the Collateral to Wells Fargo, in its capacity as Trustee, in order to secure its obligations under the Indenture. Wells Fargo holds the Collateral

on behalf of the secured parties under the Indenture and collects the Interest Proceeds and Principal Proceeds payable on such Collateral.

13. Payments on the Notes, along with other amounts owed to various parties, are paid on a specified date each month (each, a "Distribution Date") from Interest Proceeds and Principal Proceeds collected by Wells Fargo in respect of the Collateral. On each Distribution Date, payments are made in the order of priority set forth in Section 11.1 of the Indenture.

## THE DISPUTE

14. On November 7, 2007, Wells Fargo mailed a Notice of Default pursuant to Section 6.2 of the Indenture to the parties designated in Section 6.2 of the Indenture, including CALYON. In the Notice of Default, Wells Fargo indicated that an Event of Default had occurred under Section 5.1(h) of the Indenture and that, pursuant to Article 5 of the Indenture, Holders of Notes could direct Wells Fargo to take particular actions with respect to the Collateral and the Notes during the occurrence and continuance of the Event of Default.

15. Pursuant to Section 5.5 of the Indenture, if an Event of Default has occurred and absent the occurrence of certain other events, including a direction to the Trustee from the Holders of 66-2/3% of the Controlling Class to liquidate the Collateral (which has not been received), Wells Fargo is required to retain the Collateral securing the Notes intact, and to collect and cause the collection of the proceeds of the Collateral, including Principal Proceeds and Interest Proceeds, for application pursuant to the order of priority set forth in Section 11.1 of the Indenture.

16. Magnetar Financial Management Inc. ("MFM"), the investment adviser for Magnetar, subsequently informed Wells Fargo that it objected, on behalf of Magnetar, to Wells

Fargo's determination that an Event of Default had occurred under Section 5.1(h) of the Indenture. MFM also informed Wells Fargo that Magnetar owns 46,761 Preference Shares.

17. On December 6, 2007, CALYON, as the Holder of a Majority of the Controlling Class (Class A-1A Notes), sent a written notice to Wells Fargo pursuant to Section 5.2 of the Indenture, declaring, among other things, the principal of and accrued and unpaid interest on all of the Notes (including the commitment fee payable to CALYON on the Class A-1A Notes) to be immediately due and payable. CALYON's notice signified its agreement with Wells Fargo's Event of Default determination, because acceleration of principal and interest payments can only be declared following an Event of Default.

18. In the same notice, CALYON purported to direct Wells Fargo to apply all Interest Proceeds and Principal Proceeds in accordance with the subordination provisions (in particular, Section 13.1(b)) of the Indenture. CALYON essentially instructed Wells Fargo not to pay Interest Proceeds or Principal Proceeds to any Holder of the Global Notes or Preference Shares before applying such amounts in favor of CALYON to the extent CALYON believes that it is entitled to such amounts.

19. CALYON also directed that the subordination provisions (Section 13.1) and the priority of payments provisions (Section 11.1) of the Indenture must be interpreted to mean that all Interest Proceeds must first be directed to the payment of the amounts described in Section 11.1(i)(A) through the first sub-clause of (F). The payment of these amounts and the payment of Principal Proceeds are not in dispute.

20. CALYON further instructed Wells Fargo that any remaining Interest Proceeds, rather than being used to pay accrued interest on other classes of Notes, must be directed to the payment of principal of its Class A1-A Notes until the funded Aggregate Outstanding Amount of

the Class A-1A Notes has been reduced to zero and to make a deposit into the Reserve Account established under the Indenture until the Remaining Unfunded Class A-1A Commitment Amount has been reduced to zero. A deposit into the Reserve Account would result in a reduction of certain of CALYON's obligations to make future advances as a Holder of the Class A-1A Note.

21.     CALYON also instructed Wells Fargo that any proceeds that remained after distributing proceeds as set forth above would be applied to the subordinate interests, including the Holders of the Global Notes and Preference Shares, as contemplated under Section 13.1(b) of the Indenture.

22.     NIBC Credit Management, Inc. ("NIBC"), the collateral manager for the Issuer, has also questioned CALYON's interpretation of Sections 13.1 and 11.1 of the Indenture and pointed Wells Fargo to possible inconsistencies between CALYON's interpretation and certain provisions of the Indenture.

23.     Upon information and belief, one or more Doe Defendants has taken or will take the position that CALYON's interpretation of Sections 13.1 and 11.1 of the Indenture is neither reasonable nor correct and that, as a result, a portion of the Interest Proceeds should be paid to Cede & Co. for distribution to one or more Doe Defendants as Holders of the Global Notes and/or Preference Shares.

24.     A dispute thus exists among the various parties with an interest in the Collateral and the proceeds thereof as to the proper treatment of Interest Proceeds on the monthly Distribution Date.

25.     Sections 13.1 and 11.1, and other relevant provisions of the Indenture, are ambiguous with respect to the proper distribution of the Interest Proceeds in the case of an Event of Default and acceleration of Maturity of the Notes. Moreover, as described above, a dispute

exists as to whether an Event of Default has occurred. Wells Fargo, in its capacity as Trustee, is unable to determine in what manner any distribution of Interest Proceeds should occur in such circumstances.

26. Because of the dispute between and among the Interpleader Defendants with respect to entitlement to Interest Proceeds, Wells Fargo determined that it could be exposed to multiple liability with respect to the distribution of such amounts. Accordingly, Wells Fargo commenced an Interpleader action in the Supreme Court of the State of New York, County of New York, entitled *Wells Fargo Bank, N.A. v. CALYON et al.* (Index No. 650335/2007) on December 11, 2007 (the "Supreme Court Action"). With the commencement of the instant action, Wells Fargo intends to discontinue the Supreme Court Action.

27. The Distribution Date first subject to the dispute described above was December 10, 2007. A subsequent Distribution Date occurred on January 10, 2008. On each of the foregoing Distribution Dates, Wells Fargo set aside the disputed portion of the Interest Proceeds otherwise distributable on that date, pending a determination by the court of the Interpleader Defendants' dispute.

28. The total amount of disputed Interest Proceeds being held by Wells Fargo is currently $9,761,422.56. A bond in this amount is being filed with the Court by Wells Fargo.

29. The dispute over entitlement to Interest Proceeds is likely to recur on succeeding Distribution Dates.

30. Wells Fargo is ready and willing to distribute the disputed portion of the Interest Proceeds in such manner as the Court shall direct.

31. The above-entitled action is not brought by collusion with any of the Interpleader Defendants.

## PLEA FOR RELIEF

**WHEREFORE,** Wells Fargo asks this Court:

(i) To order Interpleader Defendants to interplead and to settle all claims to Interest Proceeds between themselves and any other persons who claim or may claim an interest, beneficial or legal, in such Interest Proceeds;

(ii) To restrain Interpleader Defendants and all claiming through or acting with them, or claiming any interest in the Interest Proceeds, from commencing or prosecuting any separate proceeding against Wells Fargo concerning or relating to the issues in this action;

(iii) To award Wells Fargo its costs and disbursements, including legal fees and expenses, with respect to this action and the distribution of the Interest Proceeds.

(iv) To award Wells Fargo such other and further relief as the Court may deem just, proper and equitable.

Dated: New York, New York
February 8, 2008

ALSTON & BIRD LLP

By: _____
Michael E. Johnson (MJ 0299)
Piret Loone (PL 6597)
90 Park Avenue
New York, New York
(212) 210-9400

*Attorneys for Interpleader Plaintiff*
*Wells Fargo Bank, N.A., as Trustee*