**McKee Nelson LLP**
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York, NY 10004
Tel: (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant CALYON*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee, | )<br>) |
| Interpleader Plaintiff, | )<br>) |
| - against - | ) Case No.: 1:08 CV 1297 (GEL-HBP) |
| CALYON, MAGNETAR CONSTELLATION MASTER FUND, LTD., CEDE & CO., as Holder of certain Global Notes and Preference Shares and nominee name of the Depository Trust Company, and DOES 1 through 100, owners of beneficial interests in the Global Notes and/or Preference Shares, | ) Honorable Gerard E. Lynch<br>)<br>) Magistrate Judge Pitman<br>)<br>) **Electronically Filed**<br>)<br>) |
| Interpleader Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF CALYON

Interpleader Defendant CALYON ("CALYON"), by its undersigned attorneys, as and for its Answer and Affirmative Defenses to the Interpleader Complaint (the "Complaint") of Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"), states as follows:

252479v.7

## INTRODUCTION

1. CALYON admits that this is an interpleader action brought pursuant to 28 U.S.C. § 1335 and that Wells Fargo serves as Trustee[1] under the Indenture. CALYON denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 1. By way of further response, CALYON is the Holder of the unfunded $900 million Class A-1A Notes issued under the Indenture and constitutes the Controlling Class. CALYON acknowledges, as a result of the interpleader action filed by Wells Fargo in this court, a dispute exists regarding the proper distribution of Interest Proceeds and Principal Proceeds following an Event of Default and acceleration of the Notes. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full (including, but not limited to, deposits into the Reserve Account until CALYON's remaining funding commitment under the Class A-1A Notes is reduced to zero) before any further payment or distribution is made on account of the Class A-1B Notes, Class S Notes, Class A-2 Notes, Class B Notes, Class C Notes, Class D Notes, Class E Notes, Class X Notes, and the Preference Shares (collectively, the "Subordinate Interests").

## JURISDICTION AND VENUE

2. Admitted.[2]

3. Admitted.

## PARTIES

4. Admitted.

---

[1] Capitalized terms not defined herein are defined as set forth in the Indenture referred to in the Complaint.

[2] To the extent Calyon admits any of the allegations set forth in the Complaint, those admissions are made for purposes of this Answer only and shall not be construed as an admission for any other purpose in this or any other action.

5. Admitted.

6. Admitted.

7. CALYON admits the allegations contained in the first sentence of paragraph 7 of the Complaint and that Cede & Co. is the registered Holder of record of the Global Notes (including Regulation S Global Notes and Restricted Global Notes). CALYON denies the allegations contained in the second sentence of paragraph 7 of the Complaint. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in the third sentence of paragraph 8 of the Complaint.

8. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint.

9. CALYON admits that it has consented to the jurisdiction of the courts of the State of New York and the United States District Court located in the Borough of Manhattan in New York City with respect to any suit, action or proceeding relating to the Class A-1A Note Purchase Agreement. By way of further response, CALYON denies that it is a party to the Note Purchase Agreement referenced in paragraph 9 of the Complaint but admits that it is a party to the Class A-1A Note Purchase Agreement between Orion 2006-2, Ltd., as Issuer, Orion 2006-2, LLC, as Co-Issuer, CALYON, as Purchaser, and Wells Fargo, as Class A1-A Note Agent and Trustee, dated as of **December 7, 2006**.

10. Admitted.

## BACKGROUND

11. Admitted. By way of further response, CALYON refers to the *entire* Indenture which speaks for itself.

12. Admitted.

13. CALYON admits that, pursuant to the Indenture, payments on the Notes, along with other amounts owed to various parties, are to be paid on a specified date each month from Interest Proceeds and Principal Proceeds collected by Wells Fargo in respect of the Collateral. CALYON denies the remaining allegations contained in paragraph 13. By way of further response, CALYON refers to the *entire* Indenture which speaks for itself.

## THE DISPUTE

14. Admitted. By way of further response, CALYON refers to the Notice of Event of Default, dated November 7, 2007, which speaks for itself.

15. CALYON denies the allegations contained in paragraph 15 of the Complaint. By way of further response, CALYON refers to the *entire* Indenture which speaks for itself.

16. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Admitted. By way of further response, CALYON refers to the written notice dated December 6, 2007 (the "December 6 Notice") and the *entire* Indenture, which speak for themselves.

18. Admitted. By way of further response, CALYON refers to the December 6 Notice and the *entire* Indenture, including but not limited to Section 13.1(b), which speak for themselves. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full (including, but not limited to, deposits into the Reserve Account until CALYON's remaining funding commitment under the Class A-1A Notes is reduced to zero) before any further payment or distribution is made on account of the Subordinate Interests.

19. CALYON admits the allegations in paragraph 19 of the Complaint except CALYON denies that there is no dispute regarding the payment of Principal Proceeds. By way of further response, CALYON refers to the December 6 Notice and the *entire* Indenture, which speak for themselves.

20. Admitted. By way of further response, CALYON refers to the December 6 Notice and the *entire* Indenture, including but not limited to Section 13.1(b), which speak for themselves. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full (including, but not limited to, deposits into the Reserve Account until CALYON's remaining funding commitment under the Class A-1A Notes is reduced to zero) before any further payment or distribution is made on account of the Subordinate Interests.

21. Admitted. By way of further response, CALYON refers to the December 6 Notice and the *entire* Indenture, including but not limited to Section 13.1(b), which speak for themselves.

22. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint. By way of further response, CALYON refers to the *entire* Indenture, including but not limited to Section 13.1(b), which speaks for itself. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full (including, but not limited to, deposits into the Reserve Account until CALYON's remaining funding

commitment under the Class A-1A Notes is reduced to zero) before any further payment or distribution is made on account of the Subordinate Interests.

24. Admitted. By way of further response, there is also a dispute as to the proper treatment of the Principal Proceeds on the monthly Distribution Date.

25. CALYON denies knowledge or information sufficient to form a belief as to whether (i) a dispute exists regarding the occurrence of an Event of Default and (ii) Wells Fargo is able to determine in what manner any distribution of Interest Proceeds should occur. CALYON admits that the *entire* Indenture, including but not limited to Section 13.1(b), sets forth the proper distribution of the Interest Proceeds in the case of an Event of Default and acceleration of the Notes. By way of further response, CALYON refers to the *entire* Indenture which speaks for itself and also sets forth the proper distribution of Principal Proceeds in the case of an Event of Default and acceleration of the Notes.

26. CALYON admits that Wells Fargo commenced an interpleader action in the Supreme Court of the State of New York, County of New York, entitled *Wells Fargo Bank, N.A. v. CALYON et al.* (Index No. 650335/2007) on December 11, 2007 (the "Supreme Court Action"). CALYON denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 26 of the Complaint. By way of further response, Wells Fargo filed a Notice of Discontinuance without Prejudice on February 8, 2008, voluntarily discontinuing the Supreme Court Action without prejudice.

27. CALYON admits that the Distribution Dates referenced in paragraph 27 have occurred. CALYON denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 27 of the Complaint.

28. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29. Admitted. By way of further response, upon information and belief, the dispute over entitlement to Principal Proceeds is also likely to recur on succeeding Distribution Dates.

30. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint.

31. CALYON admits that Wells Fargo did not bring this action in collusion with CALYON. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint to the extent they refer to the other Interpleader Defendants.

## ANSWER TO PLEA FOR RELIEF

32. CALYON admits that Wells Fargo seeks the relief set forth in paragraphs (i) through (iv) in the Plea for Relief and consents to the relief requested in paragraphs (i) and (ii). CALYON denies that Wells Fargo is entitled to the relief requested in paragraphs (iii) and (iv).

## AFFIRMATIVE DEFENSES

33. CALYON states the following affirmative defenses without assuming the burden of proof of any such defense that would otherwise rest on Wells Fargo or the other Interpleader Defendants:

### FIRST DEFENSE

34. Because the Complaint does not plead sufficient facts to enable CALYON to determine all of its applicable defenses with respect to the underlying dispute, CALYON reserves its right to assert any and all additional defenses once the precise nature of the claims can be ascertained.

## SECOND DEFENSE

35.     CALYON asserts all other affirmative defenses that may be revealed during the course of discovery.

WHEREFORE, CALYON respectfully requests this Court enter an order:

(i) directing Interpleader Defendants to interplead and to settle all claims to Interest and Principal Proceeds among themselves and any other persons who claim or may claim an interest, beneficial or legal, in such Interest and Principal Proceeds;

(ii) restraining Interpleader Defendants and all claiming through or acting with them, or claiming any interest in the Interest and Principal Proceeds, from commencing or prosecuting any separate proceedings concerning or relating to the issues in this action; and

(iii) granting such other and further relief as this Court deems just and proper.


Dated: April 14, 2008

Respectfully submitted,

/s/ Scott E. Eckas

Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
McKee Nelson LLP
One Battery Park Plaza, 34th Floor
New York, NY 10004
Tel: (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant CALYON*

## CERTIFICATE OF SERVICE

I hereby certify that on this date I caused the Answer and Affirmative Defenses of CALYON to be filed electronically, and served the Answer and Affirmative Defenses of CALYON by causing true and correct copies thereof to be sent via the Court's electronic filing system and/or Federal Express Next Business Day Delivery as indicated following each named recipient:

Alston & Bird LLP
90 Park Avenue
New York, New York  10016
P: (212) 210-9400
F: (212) 210-9444
ATTN: Michael E. Johnson, Esq.
Email: mjohnson@alston.com
*Attorneys for Interpleader Plaintiff*
*Wells Fargo Bank, N.A.*

Otterbourg Steindler Houston & Rosen PC
230 Park Avenue
New York, New York  10169
P: (212) 661-9100
F: (917) 306-4449
ATTN: Peter Feldman, Esq.
Email: pfeldman@oshr.com
*Attorneys for Interpleader Defendant*
*Magnetar Constellation Master Fund, Ltd.*
(Via Federal Express Next Business Day Delivery)

Cede & Co.
55 Water Street
New York, New York  10041
(Via Federal Express Next Business Day Delivery)

Dated:   New York, New York
         April 14, 2008

McKee Nelson LLP

 /s/  *Scott E. Eckas*
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York, NY  10004
Tel: (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant*
*CALYON*

261756v.1