**MCKEE NELSON LLP**
Scott E. Eckas (SE 7479)
Kevin J. Biron (KB 1030)
One Battery Park Plaza
New York, NY  10004
Tel:  (917) 777-4200
Fax: (917) 777-4299

*Attorneys for Interpleader Defendant*
*CALYON*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Trustee, | |
| Interpleader Plaintiff, | |
| - against - | Case No.: 1:08 CV 1297 (GEL-HBP) |
| CALYON, MAGNETAR CONSTELLATION MASTER FUND, LTD., CEDE & CO., as Holder of certain Global Notes and Preference Shares and nominee name of the Depository Trust Company, and DOES 1 through 100, owners of beneficial interests in the Global Notes and/or Preference Shares, | Honorable Gerard E. Lynch<br><br>Magistrate Judge Pitman<br><br>**Electronically Filed** |
| Interpleader Defendants. | |

### ANSWER OF CALYON
### TO THE AFFIRMATIVE CLAIM OF
### MAGNETAR CONSTELLATION MASTER FUND, LTD
### TO THE INTERPLEADER FUNDS AND FUTURE DISTRIBUTIONS

Interpleader Defendant CALYON, by its undersigned attorneys, as and for its Answer to the allegations set forth in Magnetar's Statement of Claim to Interpleader Funds (the "Magnetar Statement of Claim"), filed on July 7, 2008 (the "Affirmative Claim"),[1] states as follows:

---

[1]   The Magnetar Statement of Claim supplements Magnetar's affirmative claim set forth in its Answer.

## ANSWER TO THE MAGNETAR STATEMENT OF CLAIM

1. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Magnetar Statement of Claim.

2. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Magnetar Statement of Claim.

3. Admitted. By way of further response, CALYON refers to the Indenture, which speaks for itself.

4. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the Magnetar Statement of Claim.

5. CALYON denies that the Offering Memorandum is dated December 6, 2006. CALYON admits the remaining allegations contained in paragraph 5 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture and the Offering Memorandum, dated **December 7, 2006**, which speak for themselves.

6. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Magnetar Statement of Claim.

7. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Magnetar Statement of Claim.

8. Admitted. By way of further response, CALYON refers to the Indenture, the Class A-1A Note Purchase Agreement, the Preference Share Paying Agency Agreement and the Issuer Charter, which speak for themselves.

9. Admitted. By way of further response, CALYON refers to the Indenture, which speaks for itself.

10. CALYON denies the allegations contained in the first sentence of paragraph 10 of the Magnetar Statement of Claim. CALYON admits the remaining allegations contained in

paragraph 10 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture, which speaks for itself.

11. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture, which speaks for itself. The Indenture requires that Wells Fargo, on behalf of the Issuer, periodically distribute Interest Proceeds and Principal Proceeds in accordance therewith.

12. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 12 of the Magnetar Statement of Claim. CALYON admits the remaining allegations contained in paragraph 12 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the *entire* Indenture, including but not limited to Section 13.1(b), which speaks for itself. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full (including, but not limited to, deposits into the Reserve Account until the Remaining Unfunded Class A-1A Commitment Amount is reduced to zero) before any further payment or distribution is made on account of the Class A-lB Notes, Class S Notes, Class A-2 Notes, Class B Notes, Class C Notes, Class D Notes, Class E Notes, Class X Notes, and the Preference Shares (collectively, the "Class A-1A Subordinate Interests").

13. CALYON admits that the Priority of Payments set forth in Section 11.1 of the Indenture is subject to Section 13.1 of the Indenture. CALYON denies the remaining allegations contained in paragraph 13 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture, which speaks for itself. Each of Subsections 13.1(b) to 13.1(m) of the Indenture defines the "Subordinate Interests" with respect to a particular class of

Notes (the "Identified Class"). Each of Subsections 13.1(b) to 13.1(m) provides that, upon the occurrence and continuation of an Event of Default and acceleration of the Notes, the Notes in the Identified Class must be paid in full before any further payment or distribution (which would otherwise have been made in accordance with the Priority of Payments) is made on account of the Subordinate Interests.

14.     CALYON denies that the Issuer has the right to borrow up to $900 million under the Class A-1A Notes at all times. CALYON admits the remaining allegations contained in paragraph 14 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture and the Class A-1A Note Purchase Agreement, which speak for themselves. Pursuant to the Indenture and the Class A-1A Note Purchase Agreement, the Issuer has the right to borrow funds from CALYON under the Class A-1A Notes if (i) the Issuer is required to make certain specified payments <u>and</u> (ii) there are insufficient funds in certain accounts established by Wells Fargo, including the Reserve Account. CALYON's funding commitment under the Class A-1A Notes is capped at the Remaining Unfunded Class A-1A Commitment Amount (*i.e.*, $900 million *minus* amounts previously funded and remaining unpaid *minus* deposits made into the Reserve Account). Deposits into the Reserve Account reduce the Remaining Unfunded Class A-1A Commitment Amount and, thus, defease CALYON's funding commitment under the Class A-1A Notes. The Remaining Unfunded Class A-1A Commitment Amount currently is $900 million.

15.     Denied. By way of further response, CALYON refers to the Indenture and the Class A-1A Note Purchase Agreement, which speak for themselves. CALYON's funding commitment under the Class A-1A Notes is capped at the Remaining Unfunded Class A-1A Commitment Amount (*i.e.*, $900 million *minus* amounts previously funded and remaining unpaid

4

*minus* deposits made into the Reserve Account) under the Indenture. Deposits into the Reserve Account reduce the Remaining Unfunded Class A-1A Commitment Amount and, thus, defease CALYON's funding commitment under the Class A-1A Notes.

16. CALYON admits that, subject to the terms of the Indenture and the Class A-1A Note Purchase Agreement, it is entitled to, *pari passu*, a Commitment Fee on the Remaining Unfunded Class A-1A Commitment Amount and interest on the aggregate funded principal amount of the Class A-1A Notes (the "Aggregate Outstanding Amount"). CALYON denies the remaining allegations contained in paragraph 16 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture and the Class A-1A Note Purchase Agreement, which speak for themselves.

17. Denied. By way of further response, CALYON refers to the Indenture, which speaks for itself. So long as the Aggregate Outstanding Amount of the Class A-1A Notes or the Remaining Unfunded Class A-1A Commitment Amount is greater than zero, the Class A-1A Noteholder is the Controlling Class under the Indenture.

18. CALYON denies the allegations contained in the first sentence of paragraph 18 of the Magnetar Statement of Claim. CALYON admits the remaining allegations contained in paragraph 18 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture, which speaks for itself.

19. Admitted. By way of further response, CALYON refers to the November 7 Notice, which speaks for itself.

20. Denied. By way of further response, CALYON refers to the December 6 Notice, which speaks for itself.

21.     Denied. By way of further response, CALYON refers to the December 6 Notice, which speaks for itself.

22.     No answer is required to paragraph 22 of the Magnetar Statement of Claim because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, CALYON denies the allegations contained in paragraph 22 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture, which speaks for itself. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full (including, but not limited to, deposits into the Reserve Account until the Remaining Unfunded Class A-1A Commitment Amount is reduced to zero) before any further payment or distribution is made on account of the Class A-1A Subordinate Interests.

23.     CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Magnetar Statement of Claim.

24.     CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 24 of the Magnetar Statement of Claim.

25.     Admitted.

26.     No answer is required to paragraph 26 of the Magnetar Statement of Claim because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, CALYON denies the allegations contained in paragraph 26 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture, which speaks for itself. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full (including, but not limited to, deposits into the Reserve Account until the Remaining Unfunded

Class A-1A Commitment Amount is reduced to zero) before any further payment or distribution is made on account of the Class A-1A Subordinate Interests.

27. Denied. By way of further response, CALYON refers to the Indenture and the November 7 Notice, which speak for themselves.

28. Denied. By way of further response, CALYON refers to the Indenture, which speaks for itself.

29. Denied. By way of further response, CALYON refers to the Indenture, which speaks for itself.

30. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 30 of the Magnetar Statement of Claim.

31. Admitted. By way of further response, CALYON refers to the Indenture, which speaks for itself.

32. CALYON denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 32 of the Magnetar Statement of Claim.

33. Admitted.

34. No answer is required to paragraph 34 of the Magnetar Statement of Claim because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, CALYON denies the allegations contained in paragraph 34 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture, the November 7 Notice and the December 6 Notice, which speak for themselves.

35. No answer is required to paragraph 35 of the Magnetar Statement of Claim because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, CALYON denies the allegations contained in paragraph 35 of the Magnetar

Statement of Claim. By way of further response, CALYON refers to the Indenture, which speaks for itself. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full (including, but not limited to, deposits into the Reserve Account until the Remaining Unfunded Class A-1A Commitment Amount is reduced to zero) before any further payment or distribution is made on account of the Class A-1A Subordinate Interests.

36. Denied. By way of further response, CALYON refers to the Indenture, which speaks for itself. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full (including, but not limited to, deposits into the Reserve Account until the Remaining Unfunded Class A-1A Commitment Amount is reduced to zero) before **any** further payment or distribution is made on account of the Class A-1A Subordinate Interests.

37. No answer is required to paragraph 37 of the Magnetar Statement of Claim because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, CALYON denies the allegations contained in paragraph 37 of the Magnetar Statement of Claim. By way of further response, CALYON refers to the Indenture, including but not limited to Section 13.1(b), which speaks for itself. Pursuant to the Indenture and the Class A-1A Note Purchase Agreement, the Class A-1A Notes will not be paid in full until the Aggregate Outstanding Amount of the Class A-1A Notes is reduced to zero and deposits have been made into the Reserve Account such that the Remaining Unfunded Class A-1A Commitment Amount is reduced to zero. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes

must be paid in full before any further payment or distribution is made on account of the Class A-1A Subordinate Interests.

38.     CALYON admits the allegations contained in the first sentence of paragraph 38 of the Magnetar Statement of Claim.  CALYON denies the remaining allegations contained in paragraph 38 of the Magnetar Statement of Claim.  By way of further response, CALYON refers to the Indenture and the Class A-1A Note Purchase Agreement, which speak for themselves.  Pursuant to the Indenture and the Class A-1A Note Purchase Agreement, the Class A-1A Notes will not be paid in full until the Aggregate Outstanding Amount of the Class A-1A Notes is reduced to zero and deposits have been made into the Reserve Account such that the Remaining Unfunded Class A-1A Commitment Amount is reduced to zero.  Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full before any further payment or distribution is made on account of the Class A-1A Subordinate Interests.

39.     No answer is required to paragraph 39 of the Magnetar Statement of Claim because it contains conclusions of law and argumentative rhetoric.  To the extent any answer may be required, CALYON denies the allegations contained in paragraph 39 of the Magnetar Statement of Claim.  By way of further response, CALYON refers to the Indenture and the December 6 Notice, which speak for themselves.  Pursuant to the Indenture and the Class A-1A Note Purchase Agreement, the Class A-1A Notes will not be paid in full until the Aggregate Outstanding Amount of the Class A-1A Notes is reduced to zero and deposits have been made into the Reserve Account such that the Remaining Unfunded Class A-1A Commitment Amount is reduced to zero. Pursuant to the Indenture, because an Event of Default has not been cured or waived and acceleration of the Notes has occurred, the Class A-1A Notes must be paid in full

before any further payment or distribution is made on account of the Class A-1A Subordinate Interests.

      40.      CALYON incorporates by reference their responses to Paragraphs 1 through 39 of the Magnetar Statement of Claim.

      41.      Denied.

      42.      Denied.

      43.      No answer is required to paragraph 43 of the Magnetar Statement of Claim because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, CALYON denies the allegations contained in paragraph 43 of the Magnetar Statement of Claim.

      44.      CALYON incorporates by reference their responses to Paragraphs 1 through 43 of the Magnetar Statement of Claim.

      45.      Admitted.

      46.      No answer is required to paragraph 46 of the Magnetar Statement of Claim because it contains conclusions of law and argumentative rhetoric. To the extent any answer may be required, CALYON denies the allegations contained in paragraph 46 of the Magnetar Statement of Claim.

## ANSWER TO REQUEST FOR RELIEF

      47.      CALYON admits that Magnetar seeks the judgment contained in the "Wherefore" paragraph of the Magnetar Statement of Claim. CALYON specifically denies that Magnetar is entitled to any such judgment or that this Court is entitled to grant such judgment. CALYON further denies the remaining allegations contained in the "Wherefore" paragraph of the Magnetar Statement of Claim and denies that Magnetar is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

48. CALYON states the following affirmative defenses without assuming the burden of proof of such defenses that would otherwise rest on Magnetar:

### FIRST DEFENSE

49. The Affirmative Claim is barred because Magnetar lacks standing to assert such a claim and is not the real party in interest.

### SECOND DEFENSE

50. The allegations in the Magnetar Statement of Claim fail to state a plausible entitlement to relief.

### THIRD DEFENSE

51. The allegations in the Magnetar Statement of Claim fail to state a claim to the Interpleader Escrow upon which relief may be granted.

### FOURTH DEFENSE

52. The Affirmative Claim is barred, in whole or in part, under the doctrines of unclean hands and *in pari delicto*.

### FIFTH DEFENSE

53. The Affirmative Claim is barred, in whole or in part, by the doctrines of estoppel, waiver, ratification and acquiescence.

### SIXTH DEFENSE

54. The Affirmative Claim is barred by the doctrine of accord and satisfaction.

**SEVENTH DEFENSE**

55.     The allegations in the Magnetar Statement of Claim misstate and misinterpret the applicable provisions of the Indenture, the Class A-1A Note Purchase Agreement and other relevant transaction documents.

**EIGHTH DEFENSE**

56.     The Affirmative Claim is barred, in whole or in part, because Magnetar has no current claim to the funds in the Interpleader Escrow.

**NINTH DEFENSE**

57.     The Affirmative Claim is barred, in whole or in part, because Magnetar has incurred no damages.

**TENTH DEFENSE**

58.     The Affirmative Claim is barred, in whole or in part, because Magnetar's interpretation of the Indenture would frustrate the purpose thereof.

**ELEVENTH DEFENSE**

59.     The Affirmative Claim is barred, in whole or in part, because Magnetar is unable to bring such a claim pursuant to the terms of the Indenture.

**TWELFTH DEFENSE**

60.     The Affirmative Claim is barred, in whole or in part, because Magnetar assumed the risk of loss on the Notes and the Preference Shares.

**THIRTEENTH DEFENSE**

61.     Because the Magnetar Statement of Claim does not plead sufficient facts to enable CALYON to determine all of its applicable defenses, CALYON expressly reserves its right to assert any and all additional defenses once the precise nature of the claims can be ascertained.

## FOURTEENTH DEFENSE

62.     CALYON asserts all other affirmative defenses that may be revealed during the course of discovery.

## FIFTEENTH DEFENSE

63.     CALYON hereby adopts and incorporates by reference any and all other affirmative defenses asserted or to be asserted by any other defendant to the extent CALYON may share in or be entitled to assert such affirmative defenses.

WHEREFORE, CALYON respectfully requests that this Court enter an order dismissing the Affirmative Claim with prejudice, awarding CALYON its costs, expenses, and reasonable attorneys' fees in defending against the Affirmative Claim and granting such other and further relief as is just and proper.

Dated: New York, New York
       July 28, 2008

                                Respectfully submitted,

                                   /s/  Scott E. Eckas

                                Scott E. Eckas (SE 7479)
                                *seckas@mckeenelson.com*
                                Kevin J. Biron (KB 1030)
                                *kbiron@mckeenelson.com*
                                McKee Nelson LLP
                                One Battery Park Plaza, 34th Floor
                                New York, NY 10004
                                Tel:  (917) 777-4200
                                Fax: (917) 777-4299

                                *Attorneys for Interpleader Defendant CALYON*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I caused each of (i) the Answer of CALYON to the Affirmative Claim to the Interpleader Funds and Future Distributions Asserted in the Answer of Magnetar Constellation Master Fund, Ltd and (ii) the Answer of CALYON to the Affirmative Claim of Magnetar Constellation Master Fund, Ltd to the Interpleader Funds and Future Distributions to be filed electronically and served the above-referenced documents by causing a true and correct copy thereof to be sent via the Court's electronic filing system and by U.S. Mail to each named recipient below.

Alston & Bird, LLP
90 Park Avenue
New York, New York  10016
P:  (212) 210-9400
F:  (212) 210-9444
ATTN:  Michael E. Johnson, Esq.
Email:  mjohnson@alston.com
*Attorneys for Interpleader Plaintiff*
*Wells Fargo Bank, N.A.*

Otterbourg, Steindler, Houston & Rosen PC
230 Park Avenue
New York, New York  10169
P:  (212) 661-9100
F:  (212) 682-6104
ATTN:  Peter L. Feldman, Esq.
Email:  pfeldman@oshr.com
*Attorneys for Interpleader Defendant*
*Magnetar Constellation Master Fund, Ltd.*

Eiseman, Levine, Lehrhaupt & Kakoyiannis, P.C.
805 Third Avenue, 10th Floor
New York, NY 10022
P:  (212) 752-1000
F:  (212)355-4608
ATTN:  Eric P. Heichel
Email:  eheichel@eisemanlevine.com
*Attorneys for Interpleader Defendant*
*Cede & Co.*

Dated:   New York, New York
         July 28, 2008

                                                   McKee Nelson LLP

                                                    /s/ *Kevin J. Biron*
                                                Scott E. Eckas (SE 7479)
                                                Kevin J. Biron (KB 1030)
                                                One Battery Park Plaza
                                                New York, NY 10004
                                                Tel: (917) 777-4200
                                                Fax: (917) 777-4299
                                                *Attorneys for Interpleader Defendant*
                                                *CALYON*