OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
Peter Feldman (PF-3271)
Erik B. Weinick (EBW-5498)
230 Park Avenue
New York, NY 10169
Tel:    (212) 661-9100
Fax:   (212) 682-6104
Attorneys for Magnetar Constellation Master Fund, Ltd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- X
WELLS FARGO BANK, N.A., as Trustee,               :
                                                  : Case No. 08 CV 1297
                     Interpleader Plaintiff,      : (GEL) (HBP)
                                                  :
         - against -                              :
                                                  :
CALYON, MAGNETAR CONSTELLATION MASTER             :
FUND, LTD., CEDE & CO., as Holder of certain Global :
Notes and Preference Shares and nominee name of the :
Depositary Trust Company, and DOES 1 through 100, owners :
of beneficial interests in the Global Notes and/or Preference :
Shares,                                           :
                                                  :
                     Interpleader Defendants.     :
------------------------------------------------- X

## ANSWER OF MAGNETAR CONSTELLATION MASTER FUND, LTD TO AFFIRMATIVE CLAIM OF CALYON TO THE INTERPLEADER FUNDS

Interpleader Defendant MAGNETAR CONSTELLATION MASTER FUND, LTD, ("Magnetar"), through its undersigned attorneys, Otterbourg, Steindler, Houston & Rosen, P.C., in accordance with the Civil Case Management Plan dated June 9, 2008, as and for its Answer to the "Affirmative Claim of CALYON to the Interpleader Funds and to Future Distributions" ("CALYON's Claim"), which is set forth as part of the "First Amended Answer and

Affirmatives Defenses of CALYON and Affirmative Claim to the Interpleader Funds" [Dkt No. 21], respectfully alleges as follows:[1]

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of CALYON's Claim.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of CALYON's Claim, but to the extent Paragraph 2 sets forth CALYON's position in this action, denies that CALYON's position is consistent with the Indenture by and between Wells Fargo Bank, N.A. as Trustee, Orion 2006-2, Ltd., as Issuer, and Orion 2006-2, LLC, as Co-Issuer, dated December 7, 2006 (the "Indenture"), and respectfully refers the Court to the Indenture for the complete terms thereof.

3. Admits the allegations contained in Paragraph 3 of CALYON's Claim.

4. Denies the allegations contained in Paragraph 4 of CALYON's Claim, except admits that this action concerns a CDO and respectfully refers the Court to the Indenture for the complete terms thereof.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of CALYON's Claim.

6. Denies the allegations contained in Paragraph 6 of CALYON's Claim, except admits that the Co-Issuers have certain liabilities, that the Co-Issuers issued certain Notes and that the Issuer has issued Preference Shares, and respectfully refers the Court to the Indenture and to any documents referenced therein (with the Indenture, the "Indenture Documents") for the complete terms thereof.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed by Statement of Claim of Magnetar Constellation Master Fund, Ltd to Interpleader Funds, dated July 7, 2008 (Dkt. No. 22) ("Magnetar's Claim").

- 3 -

7.  Admits the allegations contained in Paragraph 7 of CALYON's Claim.

8.  Denies the allegations contained in Paragraph 8 of CALYON's Claim and respectfully refers the Court to the Indenture, the Class A-1A Note Purchase Agreement dated December 7, 2006 (the "A-1A Agreement") and the Class A-1A Notes for the complete terms thereof, except Admits, upon information and belief, that there have been no borrowings under the Class A-1A Notes.

9.  Denies the allegations contained in Paragraph 9 of CALYON's Claim and refers the Court to the Indenture, the A-1A Agreement and the Class A-1A Notes for the complete terms thereof.

10. Denies the allegations contained in Paragraph 10 of CALYON's Claim and respectfully refers the Court to the Indenture for the complete terms thereof.

11. Denies the allegations contained in Paragraph 11 of CALYON's Claim, except Admits that Magnetar owns Class C-1 Notes in the principal amount of $5 million and 46,761 Preference Shares.

12. Denies the allegations contained in Paragraph 12 of CALYON's Claim, except admits the first sentence thereof and refers the Court to the Indenture for the complete terms thereof.

13. Admits the allegations contained in the first sentence of Paragraph 13 of CALYON's Claims, and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence thereof.

14. Denies the allegations contained in Paragraph 14 of CALYON's Claim and respectfully refers the Court to the Indenture for the complete terms thereof.

- 4 -

15. Denies the allegations contained in Paragraph 15 of CALYON's Claim and respectfully refers the Court to the Indenture for the complete terms thereof.

16. Denies the allegations contained in Paragraph 16 of CALYON's Claim except admits that among other things, Section 11.1 provides that it is subject to, among other things, and without limitation, Section 13.1 of the Indenture and respectfully refers the Court to the Indenture for the complete terms thereof.

17. Denies the allegations contained in Paragraph 17 of CALYON's Claim and respectfully refers the Court to the Indenture for the complete terms thereof.

18. Denies the allegations contained in Paragraph 18 of CALYON's Claim.

19. Admits the allegations contained in Paragraph 19 of CALYON's Claim but denies, upon information and belief, that an Event of Default as set forth in the November 7 2007 notice from the Trustee had occurred.

20. Denies the allegations contained in Paragraph 20 of CALYON's Claim, except admits that by notice to the Trustee and the Co-Issuers dated December 6, 2007 (the "December 6 Notice"), CALYON purported to: (a) declare the principal of, and accrued and unpaid interest on, the Notes (including the Commitment Fee on the Class A-1A Notes), to be immediately due and payable, (b) terminate the Reinvestment Period, and (c) instruct the Trustee to remit all Proceeds in a manner contrary to the terms of the Indenture.

21. Denies the allegations contained in Paragraph 21 of CALYON's Claim, except admits that Magnetar informed the Trustee that it disagreed that an Event of Default had occurred under the Indenture as set forth by the Trustee in its notice dated November 7 2007, and further informed the Trustee that it disagreed with CALYON's position concerning the distribution of Proceeds.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of CALYON's Claim, except admits that pursuant to Order dated June 13, 2008, the Trustee was ordered, pending a judgment final beyond all appeal determining the respective interests of the defendants, to maintain the disputed funds separate and apart from the other funds of the Trustee.

### MAGNETAR'S AFFIRMATIVE DEFENSES TO CALYON'S CLAIM

Without assuming any burden of proof or persuasion that properly lies with the Trustee and/or with CALYON, Magnetar asserts the following affirmative defenses:

### First Affirmative Defense

23. CALYON is not entitled to the relief sought in CALYON's Claim for failure to state a claim as to which relief may be granted.

### Second Affirmative Defense

24. For all of the reasons set forth in Magnetar's Claim, which is incorporated by reference in its entirety herein, Magnetar is entitled to payment of its <u>pari passu</u> share of the Interpleader Funds and all other Proceeds distributed hereafter, in accordance with Sections 11.1(i) and (ii), as a C-1 Noteholder and Preference Shareholder, to the extent of its holdings.

### Third Affirmative Defense

25. CAYLON is not entitled to the relief it seeks under the doctrines of waiver or estoppel.

## Fourth Affirmative Defense

26.     CAYLON is not entitled to the relief it seeks under the doctrines of unclean hands and *in pari delicto*.

WHEREFORE, Magnetar demands judgment:

A.      In its favor and against all adverse interpleader defendants and requiring the distribution of all Interpleader Funds and any other Proceeds to be distributed hereafter to Magnetar to the extent of its holdings in accordance with Sections 11.1(i) and (ii);

B.      Dismissing CAYLON's Claim with prejudice;

C.      Awarding to Magnetar its costs and attorneys' fees incurred in defending this action to the full extent allowed by law; and

D.      Awarding to Magnetar such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 28, 2008

OTTERBOURG, STEINDLER, HOUSTON
 & ROSEN, P.C.

By: /s/ Peter Feldman
    Peter Feldman (PF-3271)

230 Park Avenue
New York, New York 10169
(212) 661-9100
Email: pfeldman@oshr.com

*Attorneys for Interpleader Defendant
Magnetar Constellation Master Fund, Ltd*

1074529

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via the Court's Electronic Filing System, as well as via U.S. Mail, on the parties on the service list below on this 28th day of July, 2008.

*/s/ Peter Feldman*
Peter Feldman

## SERVICE LIST

| | |
|---|---|
| Michael Edward Johnson, Esq.<br>Piret Loone, Esq.<br>c/o Alston & Bird, LLP<br>90 Park Avenue<br>New York, NY 10016<br>*Attorneys for Plaintiff Wells Fargo Bank, N.A.*<br><br>*Via ECF and U.S. Mail* | Scott E. Eckas, Esq.<br>Kevin J. Biron, Esq.<br>c/o McKee Nelson LLP<br>One Battery Park Plaza, 34th Floor<br>New York, NY 10004<br>*Attorneys for Defendant Calyon*<br><br>*Via ECF and U.S. Mail* |
| Eric P. Heichel, Esq.<br>Eiseman, Levine, Lehrhaupt & Kakoyiannis, P.C.<br>805 Third Avenue, 10th Floor<br>New York, NY 10022<br>*Attorneys for Cede & Co.*<br><br>*Via ECF and U.S. Mail* | |